**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| JUDITH THOMAS<br>8752 Lincoln Street<br>Savage, Maryland 20763 (Howard County)<br><br>       Plaintiff,<br><br>       v.<br><br>FRONT RANGE OPPORTUNITIES, LLC<br>20 Lakeview Drive, Unit 208<br>Nederland, CO 80466<br>**Serve On:**  State Department of Assessment<br>                and Taxation<br>                Corporate Charter Division<br>                301 W. Preston Street, Room #801<br>                Baltimore, MD 21201<br><br>       Defendant. | JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br>Case No. _____ |

## **COMPLAINT**

Plaintiff Judith Thomas ("Thomas"), by and through her attorney Cory L. Zajdel of Z LAW, LLC, sues Front Range Opportunities, LLC ("Front Range"), and states:

**I.     INTRODUCTION**

1.    This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations all of which occurred within one year from the filing date of this Complaint.

2. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

4. Defendant is a foreign entity actively participating in collecting debts from consumers located in Maryland.

5. Defendant is an entity that acquires or service defaulted consumer debt that is bought for a few cents on the dollar.

6. Defendant conducts business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

7. Defendant communicates with Maryland consumers while: (a) refusing and failing to comply with Maryland licensing laws regulating collection agencies; (b) assiduously violating federal and Maryland consumer debt collection statutes; (c) routinely violating the Maryland Consumer Protection Act.

8. Defendant also refused and failed to comply with Maryland statutes requiring registration of foreign businesses.

9. The communications from Defendant to Plaintiff was generally contradictory, inaccurate and misleading.

10. Virtually every act of Defendant in its attempts to collect consumer debt in Maryland is an unfair and deceptive act precluded by both federal and Maryland statute.

## II. PARTIES

11. Plaintiff Judith Thomas is a natural person currently residing at 8752 Lincoln Street, Savage, Maryland 20763 (Howard County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Md. Code Ann., Comm. Law § 13-101 and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

12. Defendant Front Range Opportunities, LLC, is a foreign limited liability company formed under the laws of the state of Colorado with a business address of 20 Lakeview Drive, Unit 208, Nederland, CO 80466.

13. At all times relevant to this Complaint, Front Range, LLC transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

14. Front Range, LLC is a "collection agency" as defined by Md. Code Ann., Bus. Reg. § 7-101(c).

## III. JURISDICTION AND VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

16. Supplemental Jurisdiction for the state law claims arise under 28 U.S.C. § 1367.

17. Venue is proper in this Court because Defendant transacts business within this District and the conduct complained of occurred in the District.

## IV. FACTUAL ALLEGATIONS

18. At some point in time, Thomas applied for consumer credit in the form of a high interest rate payday loan from Cash-N-Go (an operating subsidiary of PDL Ventures).

19. Cash-N-Go provided a cash advance in the form of a payday loan and required Thomas to write a postdated check that Cash-N-Go agreed to hold until Thomas had enough money in her checking account to cover the payday loan.

20. The payday loan was a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), Md. Code Ann., Comm. Law §§ 13-101(d) and 14-201(c).

21. Thomas was unable to repay the high interest rate payday loan from Cash-N-Go and defaulted on the account.

22. Cash-N-Go brought a small claim action in the District Court of Maryland for Prince George's County docketed as Case Number 050200383172009 (hereafter "Prince George's County Lawsuit") against Plaintiff in an attempt to have a judgment entered against Plaintiff for the alleged debt on the Cash-N-Go payday high interest rate payday loan account.

23. A default judgment was entered in the Prince George's County Lawsuit against Plaintiff Thomas on February 19, 2010 in the amount of $465.00 plus costs of $60 totaling $525.00.

24. Subsequent to Plaintiff Thomas' default on the high interest rate payday loan and entry of the default judgment in the Prince George's County Lawsuit,

25. Defendant Front Range acquired the rights to collect on the default judgment for a few cents on the dollar.

26. Beginning on or around December 7, 2010, Defendant Front Range called Plaintiff Thomas in an attempt to collect on the default judgment debt.

27. Defendant Front Range called Plaintiff Thomas on her work phone but never identified itself as being a debt collector.

28. Rather, Defendant Front Range told Plaintiff Thomas that they were a pre-litigation service business called Worldwide Alternative Dispute Resolution.

29. Defendant Front Range told Plaintiff Thomas that a third-party locator was unable to serve her with a summons and that Plaintiff Thomas still had an opportunity to pay the debt voluntarily.

30. In fact, Defendant Front Range never filed a lawsuit against Plaintiff Judith Thomas and on information and belief; there were no legal papers to serve that day.

31. Defendant Front Range called Plaintiff Thomas from a location in Colorado.

32. Defendant Front Range was not licensed in Maryland to attempt to collect debts from any location in Colorado on December 7, 2010 when Plaintiff Thomas received the call from Defendant.

33. Plaintiff Thomas did not make any payments to Defendant Front Range.

34. On or around December 7, 2010 to the present, when Defendant Front Range attempted to collect the consumer debt from Plaintiff Thomas from a location in Colorado, Defendant Front Range lacked the authority to conduct such business in Maryland.

35. By doing business in Maryland, Defendant Front Range assents to the laws of Maryland and appoints SDAT as its agent for service of process with respect to causes of action arising out of doing business in Maryland.

36. By doing substantial business in Maryland, Defendant Front Range is required to register with the Maryland Department of Assessment and Taxation.

37. During all dates relevant to this civil action, Defendant Front Range was not registered with SDAT.

38. Defendant Front Range is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated because Defendant Front Range purchases, acquires or services consumer debt after the debt is in default.

39. A "collection agency" is required to be licensed by the appropriate Maryland state agency for each location it will collect debts from.

40. Defendant Front Range was not licensed as a "collection agency" operating out of a Colorado office location during all dates relevant to this civil action.

41. Every collection effort in Maryland by Defendant Front Range is an unfair and deceptive trade practice.

42. Every collection effort in Maryland by Defendant Front Range is a violation of the Maryland Consumer Debt Collection Act.

43. Every collection effort in Maryland by Defendant Front Range is a violation of the Maryland Consumer Protection Act.

44. While attempting to collect the alleged debt from Plaintiff, Defendant Front Range acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

45. As a direct and proximate result of Defendant Front Range's illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of expenses in attempting to correct Defendant's misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## V.     CAUSES OF ACTION

### COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. While attempting to collect the alleged debt from Plaintiff, Defendant acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

48. FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

49. As a direct and proximate result of Defendant's illegal collection tactics and harassing behavior in violation of the FDCPA, Plaintiff has sustained actual damages in the form of expenses in attempting to correct Defendant's misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

### COUNT TWO
### (MARYLAND CONSUMER DEBT COLLECTION ACT)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

- communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor, § 14-202(6);

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8).

- use a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not, § 14-202(9).

52. As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), Defendant and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiff while collecting or attempting to collect an alleged debt.

53. The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

54. As a result of Defendant's harassing and abusive debt collection practices in violation of the MCDCA, Defendant has caused Plaintiff severe emotional distress and mental anguish and embarrassment, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- For an order declaring that the Defendant's actions as described above are in violation of the FDCPA and MCDCA;

- for an award of actual, compensatory damages and punitive damages pursuant to 15 U.S.C. § 1692k against Defendant including an award for emotional distress and mental anguish;

- for an award of statutory damages pursuant to 15 U.S.C. § 1692k against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against Defendant;

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**

Dated: May 6, 2011

            /s/ 28191
Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
10811 Red Run Blvd., Ste. 204
Owings Mills, MD 21117
T. (443) 213-1977
E. clz@zlawmaryland.com

Attorney for Plaintiff

## JURY TRIAL

Plaintiff Judith Thomas demands trial by jury.

                                           /s/   28191
                                    Cory L. Zajdel